UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:23-cv-08050-MCS-JPR | Date October 25, 2023 |
| Title *Garcia v. Jaguar Land Rover N. Am., LLC* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CASE (ECF No. 14) (JS-6)

The Court ordered Defendant Jaguar Land Rover North America, LLC to show cause why the case should not be remanded for lack of subject-matter jurisdiction. (OSC, ECF No. 12.) Defendant filed a response. (Resp., ECF No. 13.) Plaintiff filed a motion to remand questioning the Court's subject-matter jurisdiction. (Mot., ECF No. 14.) The Court deems the motion appropriate for decision without oral argument and vacates the November 20 hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I.   BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). According to the Complaint, Plaintiff leased a 2022 Land Rover Range Rover Sport ("Vehicle") on June 4, 2022. The Vehicle suffered from "mechanical, electrical, transmission, and/or other substantial defects." Defendant was unable to timely rectify the defects and refused to replace the vehicle or provide restitution. The Complaint seeks damages, a civil penalty, attorney's fees and costs of suit, and any other relief deemed proper. Plaintiff's civil case cover sheet indicates her demand exceeds $25,000. (*See generally* Compl., ECF No. 1-1.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 23VECV03141. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.   LEGAL STANDARDS

### A.   Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B.   Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III.  DISCUSSION

The amount in controversy is not clear from the face of the Complaint. Plaintiff's civil case cover sheet filed in state court indicates that the amount demanded exceeds $25,000, but nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

Defendant submits that Plaintiff's counsel suggested in an email that the amount in controversy exceeds $75,000. (Wolf Decl. Ex. A, at 2, ECF No. 13-1.) Counsel's opinion of whether the amount in controversy exceeds the jurisdictional threshold has no probative value as to the amount in controversy. *See Janakes v. USPS*, 768 F.2d 1091, 1095 (9th Cir. 1985) ("[T]he parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction."). In any event, the Court disagrees with the calculations counsel proffered in that email for the reasons discussed in further detail below. (*E.g.*, Wolf Decl. Ex. A, at 2 (suggesting the amount in controversy should be tethered to the manufacturer's suggested retail price of the Vehicle).)

### A.  Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.* "When a defendant seeks to remove a case brought under the Song-Beverly Act, district courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, No. CV 22-1520-DMG (MAAx), 2022 U.S. Dist. LEXIS 85607, at *5 (C.D. Cal. May 11, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)). "Thus, a lease situation differs from a purchase inasmuch as the actual amount paid on the lease and the mileage offset

could vary widely depending on the terms of the lease, the time elapsed on the lease, and how much Plaintiff drove the car." *Id.*

Defendant submits that actual damages in controversy total at least $49,499.76, consisting of Plaintiff's $15,000 down payment plus twelve monthly payments of $2,874.98. (Resp. 2–3.) The Court rejects the calculation. First, as Plaintiff notes in her motion, (Mot. 11–12), Defendant supposes Plaintiff made at least twelve monthly payments on her lease without any evidentiary support beyond the lease terms. *Cf. Jackson v. Mercedes-Benz USA, LLC*, No. 5:20-CV-01681-DOC-KK, 2020 U.S. Dist. LEXIS 228379, at *5–6 (C.D. Cal. Dec. 2, 2020) (remanding in part because "there are no facts indicating how many payments have been made on the installment contract"). Second, Defendant offers no basis upon which to calculate a mileage offset, which is properly considered in determining the actual damages in controversy. *See D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *6–7 (C.D. Cal. May 21, 2020) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (holding that considering a use offset is appropriate in the jurisdictional analysis, reasoning that "an estimate of the amount in controversy must be reduced if 'a specific rule or measure of damages limits the amount of damages recoverable'" (quoting *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015))). Accordingly, Defendant has not shown the measure of damages at stake.

### B. Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty in controversy without offering any legal or factual support to justify its argument. (Resp. 3.) Acknowledging a split in authority, the Court respectfully declines to assume the maximum penalty is at issue without some indicia of willfulness that

would entitle Plaintiff to a penalty. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–9 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g., id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendant has not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

### C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant offers no facts or argument in its response or notice of removal toward its burden to show the measure of fees in controversy. The Court does not have enough information to estimate the fees at issue.

### D. Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c). Given this disposition, the Court denies the motion to remand as moot.

## IV. CONCLUSION

The Court denies the motion to remand as moot and remands the case to the Los Angeles County Superior Court, No. 23VECV03141. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**